10-3029-cr
United States v. Torres

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22ⁿᵈ day of June, two thousand eleven.

PRESENT:  CHESTER J. STRAUB,
                   REENA RAGGI,
                   RICHARD C. WESLEY,
                              *Circuit Judges*.

------------------------------------------------------------------------
UNITED STATES OF AMERICA,
                              *Appellee*,

                  v.                                          No. 10-3029-cr

JASON TORRES, a.k.a. JUNIOR,
                              *Defendant-Appellant*.
------------------------------------------------------------------------

FOR APPELLANT:          Paul P. Rinaldo, Esq., Forrest Hills, New York.

FOR APPELLEE:           Anna M. Skotko (Katherine Polk Failla, *on the brief*), Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from the United States District Court for the Southern District of New York

(Kenneth M. Karas, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on July 16, 2010, is AFFIRMED.

Defendant Jason Torres, who stands convicted on a guilty plea of unlawful possession of a firearm following a felony conviction, see 18 U.S.C. § 922(g)(1), challenges his 77-month Guidelines-range sentence, faulting the district court for failing to award him a two-level minor-role adjustment under U.S.S.G. § 3B1.2. We assume familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

Torres contends that whether he was entitled to a minor role adjustment is a question of legal interpretation of the Guidelines that is subject to de novo review. See Appellant's Br. at 6 (citing United States v. Carpenter, 252 F.3d 230, 234 (2d Cir. 2001)). As the government observes, "this circuit has not always been consistent in describing the standard of review for role adjustments," variously indicating that abuse of discretion, de novo, or clear error review is applicable. United States v. Labbe, 588 F.3d 139, 145 n.2 (2d Cir. 2009) (brackets and internal quotation marks omitted); see Appellee's Br. at 7-8. We need not resolve this question here, because our analysis would reach the same result regardless of the standard of review.

A defendant seeking a two-point offense-level reduction under § 3B1.2(b) bears the burden of demonstrating that he is "substantially less culpable than the average participant" in the crime of conviction. U.S.S.G. § 3B1.2 cmt. n.3(A); see United States v. Carpenter,

252 F.3d at 234. Torres contends that he qualified for a minor-role adjustment because he possessed the firearm in question only briefly, in the course of acting as an intermediary in the sale of the firearm to an undercover agent. The district court considered Torres's argument and carefully explained why it rejected it. Specifically, the court found that Torres was "more than just a possessor" of the charged firearm; he was more even than just a "delivery person." Sentencing Tr. at 26. He was "the person who set up the transaction." Id. Further, he was "intricately involved" in the sale transaction, id. at 24, acting as a "broker" and thereby giving "comfort" to both the gun seller and the gun buyer that in "a couple of trips and a couple of phone calls" he could finalize their illicit exchange, id. at 26-27. Upon an independent review of the record, we conclude that these facts support the denial of a minor-role adjustment and imposition of the challenged sentence.

We have considered Torres's other arguments and conclude that they are without merit. Accordingly, we AFFIRM the judgment of conviction.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

3